SINGLETON v. FORE.

In an action on a covenant, parol testimony of the knowledge and understanding of the parties at the time of entering into the covenant, is inadmissible to control the force and effect of the covenant.

Error to the Circuit Court of Lewis county.

U. WRIGHT *for Defendant.*

*Opinion of the Court, delivered by Tompkins, Judge.*

Fore, the defendant in error, brought his action of covenant against Singleton in the circuit court of Lewis county, charging that Singleton, by his certain bill of sale, dated 29th November, 1838, sealed, &c. in consideration of the sum of seven hundred dollars, did sell to the plaintiff three

negroes, to wit, Charlotte, Naomia, and Lucy, and did warrant the said negroes to be sound and healthy, except that the said Charlotte had one eye out.

The breach assigned is, that the said Charlotte and Lucy were not sound and healthy, with the exception aforesaid, but that Lucy was unsound and diseased, and in consequence thereof died, and that Charlotte was frost bitten and thereby greatly injured.

The pleas filed were *non est factum*, and covenants not broken. On which pleas issues were made up. The jury found for the plaintiff, and judgment was accordingly given.

The evidence given in the cause shows that Lucy, a child aged three or four years, was sick when she was delivered, and that Charlotte was frost bitten, and that this was known to Fore, plaintiff below and defendant here.

The circuit court, on motion of the plaintiff instructed the jury, that whether the plaintiff, Fore, knew of the unsoundness of either Charlotte or Lucy before the contract or execution of the bill of sale by the defendant, Singleton, is unimportant and cannot constitute a defence in this case.

Also, that what the plaintiff gave the defendant for the slaves, has nothing to do with the question.

The defendant excepted to the giving of these instructions, and prayed counter instructions which were refused.

But the circuit court, on the motion of the defendant, instructed the jury that unless they believed from the evidence, that the negro girl Lucy, was diseased at the time of the sale of the said girl, and that she died of said disease, without neglect, misconduct or maltreatment of said plaintiff, or of any other person after said sale, they must find for the defendant.

It would indeed be perfectly useless for contracting parties to enter into written covenants, if oral testimony were to be admitted to prove that the written agreement were not intended to make the covenantor liable for every covenant set out in the writing obligatory. These negroes, it is proved, were sick at the time of the execution of the contract. Fore knew that Charlotte was frost bitten, and that Lucy was otherwise diseased. This he might have

known, and might also have believed that neither of them was seriously diseased, and that they would in a few days be in health.

To know the extent and danger of any disease of the body not uncommonly requires skill, and not|unfrequently more attentive observation than even a skillful physician can bestow in a few hours. Therefore, the necessity of a warranty of soundness. Witnesses produced on each side have testified very differently as to the apparent health of the negro Lucy; and both sides might, it seems from the statements of the physician examined, have testified correctly. For he says, that the nature of her disease is such as to deceive by false appearances of health. The present case demonstrates clearly and forcibly the propriety of adhering strictly to the rule of excluding oral testimony, offered with a view to control the covenant of these parties. But we are not without authority. See Townsand v. Wild, 8 Mass. Rep. 146. "Covenant broken on a deed of the defendant to the plaintiff for the consideration of $1676, to convey part of a messuage, &c. with covenants of a lawful seizure, good right to sell, premises free of all incumbrances, &c. The plaintiff avers that the defendant was not lawfully seized, that the premises were not free of incumbrances, that Gilliam Taylor had recovered the premises in a suit against the plaintiff, and ejected him by a lawful title. The defendant pleads in bar, that Townsand, at the time of the conveyance, knew of the deed of defeasance under which Taylor recovered, and accepted the deed with an agreement, that the defendant should not be charged in the event of a recovery under that deed. This is traversed in the replication, and an issue taken thereon. Upon the trial of this issue, the defendant offered to prove the agreement averred in his plea in bar by parol testimony, which the judge ruled to be incompetent, and the parties proceeded to an inquiry of damages. The defendant moved for a new trial, for the judge's rejection of the parol testimony. In the support of the motion it was contended, that it was competent for the defendant to give parol evidence of the fact put in issue by the pleadings. In the nature of things no other evidence could be expect-

*In an action on a covenant, parol testimony of the knowledge and understanding of the parties at the time of entering into the covenant, is inadmissible to control the force and effect of the covenant.*

ed.  If the plaintiff would take such a deed, with the know-
ledge of such a fact capable of proof, he ought not now to
recover damages against the understanding of the parties at
the time of executing it."  This is a stronger case even than
that now before this court; for the deed under which Tay-
lor recovered in the cited case, conveyed full information of
the incumbrance on the estate sold : whereas it was impos-
sible for any person, and especially for one unskilled in the
diseases to which man is subject, to tell with certainty what
will be the result of the diseases with which these negroes
were afflicted at the time of sale.  But, said the supreme
court of Massachusetts, "This was an attempt to control
the effect of a written and sealed instrument by parol evi-
dence, which is never permitted.  Supposing this incum-
brance known, it was still competent to the defendant to
covenant with his grantee to save him harmless from its ef-
fects; and if such was not his intention, he should have ex-
cepted out of his general covenants."

Chitty on Contracts, says, "Parole testimony shall not
be received even to superadd a term or clause to a written
agreement; for this would, in effect, be to alter such agree-
ments.  Thus, if a written demise be silent as to ground
rent, or a land tax, parole evidence is not admissible to show
that the tenant agreed to pay it."

"Where the whole matter passes in parol, all that passes
may sometimes be taken together as forming a parcel of the
contract, though, not always; because matter talked of at
the commencement of a bargain, may be excluded by the
language used at its termination.  But if the contract be in
the end reduced to writing, nothing which is not found in
the writing can be considered as a part of the contract."—
Page 25.

Again, the same writer says, "Though a sale be 'with all
faults,' the vendor is liable on an express warranty.  Thus,
where an advertisement for the sale of a ship, described her
as 'a copper fastened vessel,' adding that the vessel was to be
taken 'with all faults,' without allowance for any defects
whatsoever, and it appeared that she was only partially cop-
per fastened, it was held that the vendor was liable."

The instructions of the court were very correct.

The jury were told, that if they believed that the girl Lucy died through any neglect of the plaintiff, they must find for the defendant. Some of the witnesses said, this girl, if in good health, was worth $200. A witness for the defendant, who thought her to be in good health, thought her worth $300.

The jury found only $275 damages for all the injury sustained by plaintiff, both on account of the unsoundness of Charlotte and of that of Lucy. The plaintiff in error then has no right to complain either of the instructions of the circuit court or of the measure of damages.

The judgment of the circuit court must, then, be affirmed.

*(Napton, Judge, not present.)*